IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DETRICK CULLUM, M-22036** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 12-cv-1146-JPG |
| ) | |
| **LT. BROWN; LT. PROVENCE; SGT.** ) | |
| **BRIDEWELL; SGT./LT. BROWDER;** ) | |
| **JEFFERSON COUNTY, ILLINOIS;** ) | |
| **SPRINGFIELD, ILLINOIS,** ) | |
| **ADMINISTRATIVE REVIEW BOARD;** ) | |
| **SALVATORE GODINEZ; and SGT.** ) | |
| **BUTLER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**Gilbert, District Judge:**

Plaintiff, currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations occurring at Big Muddy. Plaintiff claims that his Eighth Amendment rights were violated when he did not receive adequate medical care for injuries to his foot. Specifically, he states that on February 20, 2012, after a fellow inmate dropped a sixty pound weight on two of Plaintiff's toes, he suffered from bleeding, pain and infection and was denied access to medical care by Defendants Brown, Browder, Bridewell and Provence (all correctional officers). As to his second claim, Plaintiff alleges that, on unknown dates, he and other inmates were harassed, insulted and denied food by Defendant Butler. Plaintiff has brought the situation to the attention of Defendant Godinez, Director of the Illinois Department of Corrections, and to the Administrative Review Board in Springfield.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has stated a colorable federal cause of action against Defendants Brown, Browder, Bridewell and Provence for deliberate indifference to a serious medical need (Count 1). However, the allegations of verbal harassment and the failure to address grievances (Count 2) do not state a viable constitutional claim. This count shall be dismissed for the reasons below.

Plaintiff states Defendant Butler subjected him and other inmates to insults and derogatory language because of his ethnic background. "The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (citing *Patton v. Przybylski,* 822 F.2d 697, 700 (7th Cir.1987)). The verbal harassment included discipline of Plaintiff and others in the chow hall on numerous unspecified occasions. This caused Plaintiff to miss some meals. The denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). The complaint indicates that Plaintiff missed one or two meals on several occasions, but does not describe the type of prolonged and serious deprivation that would threaten Plaintiff's ability to maintain normal health. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).

Plaintiff filed grievances about Defendant Butler's treatment of himself and other inmates, but his grievances were denied. Plaintiff claims that Defendants Godinez, Jefferson County, and the Administrative Review Board in Springfield are responsible for investigating his grievances.

Prison grievance procedures are not constitutionally mandated and thus do not implicate

the Due Process Clause *per se*. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Plaintiff has not asserted that these Defendants were personally responsible for the underlying actions of which he complains. The claims in Count 2 shall be dismissed.

**Disposition**

**COUNT 2** is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Defendants **BUTLER, GODINEZ, SPRINGFIELD, ILLINOIS ADMINISTRATIVE REVIEW BOARD**, and **JEFFERSON COUNTY, ILLINOIS** are **DISMISSED** from this action **without prejudice**.

The Clerk of Court shall prepare for Defendants **BROWN, PROVENCE, BRIDEWELL** and **BROWDER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of

the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the

Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 15, 2013**

s/J. Phil Gilbert
**United States District Judge**