UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DETRICK CULLUM,<br><br>          Plaintiff,<br><br>     v.<br><br>LIEUTENANT PROVENCE; LIEUTENANT BROWN; SERGEANT/LIEUTENANT BROWDER; SERGEANT BUTLER; SERGEANT BRIDEWELL; JEFFERSON COUNTY, ILLINOIS; SAVATORE GODINEZ; and SPRINGFIELD, ILLINOIS, ADMINISTRATIVE REVIEW BOARD,<br><br>          Defendants. | Case No. 12-cv-1146-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 38) of Magistrate Judge Philip M. Frazier recommending that the Court deny the motion for summary judgment filed by defendants Bridewell, Browder, Brown and Provence (Doc. 20). Magistrate Judge Frazier issued the Report after holding a hearing on June 13, 2013, pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Bridewell, Browder and Provence object to the Report (Doc. 41).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Cullum, an inmate at Big Muddy River Correctional Center ("Big Muddy"), alleges in this

suit that Bridewell, Browder, Brown and Provence denied him access to medical care after his toe was injured on February 20, 2012.  The Report found that Cullum presented credible evidence that, in accordance with the established grievance procedure, he submitted relevant grievances to his counselor and the grievance officer by placing them in the grievance box at Big Muddy on March 13 and 28, 2012, but that he received no response to the grievances.  Cullum then sent his grievances to the Administrative Review Board ("ARB"), which returned them because they did not contain responses from prior levels of administrative review.  The Report found that the lack of a response to Cullum's grievances effectively rendered the remainder of the administrative remedy procedure unavailable to him.  *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (prisoner need only exhaust remedies that are available to him).  The Report concluded that defendants failed to carry their burden of showing Cullum did not exhaust "such administrative remedies as are available."  42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 87-88 (2006).

Bridewell, Browder and Provence (but not Brown) object, restating their argument that Cullum failed to exhaust his administrative remedies because his appeal to the ARB did not contain responses from prior administrative levels and did not therefore amount to an exhaustion of remedies in the manner specified by the Illinois Department of Corrections regulations.  *See Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002).  They maintain that there is no record that Cullum filed the grievances he says he filed.

The defendants' objection is insufficient.  It does not overcome Magistrate Judge Frazier's finding that Cullum's evidence of relevant grievances that went unanswered was credible.  In light of that finding, the defendants cannot establish other remedies were available to

Cullum that he declined to pursue.  Dismissal for failure to exhaust administrative remedies is therefore not warranted.

The Court has reviewed this matter *de novo* and finds that the Report is correct for the reasons stated therein.  Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 38); and

- **DENIES** the motion for summary judgment filed by defendants Bridewell, Browder, Brown and Provence (Doc. 20).

**IT IS SO ORDERED.**
**DATED:   August 16, 2013**

                                       s/J. Phil Gilbert
                                       **J. PHIL GILBERT**
                                       **DISTRICT JUDGE**