**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DETRICK CULLUM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )      **Case No. 3:12-cv-1146-JPG-PMF** |
| | ) |
| LIUTENANT PROVENCE, et al., | ) |
| | ) |
|     Defendants. | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court are plaintiff Detrick Cullum's motions for injunctive relief, a transfer, or other forms of preliminary relief (Doc. Nos. 43, 46, 48).   Cullum is proceeding on a claim that he experienced deliberate indifference to a serious medical need following an injury to his toes. Cullum suggests that he is being exposed to various forms of harassment at Big Muddy Correctional Center and has been unable to obtain a response to an administrative remedy request submitted to prison officials.   He further reports that he was confined in a segregation unit for a period of time, based on false allegations of misconduct.   He has endured a number of searches and fears that someone might use another search as an opportunity to conceal contraband in his cell.   Cullum believes the defendants may be encouraging other correctional officers to take adverse actions against Cullum because he filed this civil rights litigation describing deficient medical care.   Cullum's concerns appear to flow from Count 2, which was dismissed on January 15, 2013 (Doc. No. 5).   The motions are opposed on the basis that the legal standard for preliminary injunctive relief has not been met and that these concerns should be presented in a separate legal action (Doc. Nos. 45, 49).

In order to establish that he is entitled to a preliminary injunction, Cullum must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted.   *Exell v.*

*City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011).   The Court must also consider the public interest, weighing factors in a sliding scale approach.   *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006).   Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm.   18 U.S.C. § 3626(a)(2).

On review of the materials, the Court is not persuaded that preliminary injunctive relief or some other form of protection is appropriate in these particular circumstances.   While the Court does not condone retaliatory conduct, Cullum has an available remedy – he may continue to seek an administrative remedy through the various layers of the prison's grievance procedure.   If those efforts are not successful, Cullum may prepare and file a separate civil rights lawsuit against the particular individuals who took adverse action and were motivated to retaliate or interfere with Cullum's First Amendment right to pursue his civil rights litigation.

IT IS RECOMMENDED that plaintiff's motions (Doc. Nos. 43, 46, 48) be DENIED without prejudice to his right to pursue a retaliation claim in separate litigation.

SUBMITTED:   <u>October 10, 2013</u>   .

<u>s/Philip M. Frazier</u>
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**

2