IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DETRICK CULLUM,

    Plaintiff,

v.

LT. PROVENCE, *et al.*,

    Defendants.

Case No. 12-cv-1146-JPG

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Detrick Cullum's motion to waive costs taxed against him in the amount of $559.75 (Doc. 200). Cullum argues he is indigent and has been since he was granted leave to proceed in this case *in forma pauperis* (Doc. 4). He claims he currently has a negative balance in his inmate trust fund account. He attaches a statement of his trust fund account activities from July 7, 2015, to January 6, 2016.

Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). The Court may then review the Clerk's action within the next 7 days. *Id.* The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

A reduction or denial of costs may be appropriate where a non-prevailing party is indigent and his suit is not frivolous. *See Rivera v. City of Chi.*, 469 F.3d 631, 634-35 (7th Cir. 2006) (citing *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)). In deciding whether to hold an indigent party liable for costs, the Court should examine the party's income, assets and expenses and make a threshold finding whether the losing party is incapable of paying the costs at the present time or in the future. *Rivera*, 469 F.3d at 635. The Court should also

consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The exception to the cost-shifting presumption for indigent losing parties is narrow, and the burden is on the losing party to show he fits within the exception. *Id.* at 636. If the Court reduces or denies costs, it must explain its decision. *Krocka,* 203 F.3d at 518.

The Court has reviewed Cullum's inmate trust fund statement and information from the Illinois Department of Corrections website indicating Cullum's projected parole date is in October 2023. *See* http://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx. This review indicates that Cullum has received more than $150 during the time period covered by the statement and has spent more than $251 on commissary purchases. It is true he has a negative balance at the present time (-$4.08), but that is due primarily to three large commissary purchases of approximately $102, $72 and $77, respectively. He must purchase hygiene supplies from the prison, but has no expenses for food or shelter and minimal expenses for health care, library and postage. The Court notes that Cullum's income is unlikely to change significantly in the near future in light of the fact that he will be incarcerated for at least the next seven years. For these reasons, the Court finds Cullum is indigent and is unable to pay the full $559.75 taxed as costs in this case now or in the foreseeable future. However, in light of the minimal living expenses he must pay and his history of some notable income, which he has chosen to spend primarily at the commissary up to this point, the Court finds he will be able to pay *some costs* without undue hardship in the near future.

The Court further notes that this action was not frivolous and involved important constitutional rights under the Eighth Amendment. It survived dispositive motions and was tried to a jury, which found in favor of the defendants. The Court believes Cullum's pursuit of this

action was in good faith even though he did not prevail, but that he should not be completely relieved of the obligation to pay the defendants' costs.

For these reasons, the Court **DENIES** Cullum's motion to waive costs (Doc. 200) but will reduce the amount of costs requested to $50.00, an amount of money he has been able to accumulate at least three times in the last six months for use at the commissary.   Therefore, the Court orders an award of costs in the total amount of $50.00 to Lieutenant Brown, Lieutenant Provence and Sergeant/Lieutenant Browder.   The Court further **DIRECTS** the Clerk of Court to enter a judgment of costs accordingly.

**IT IS SO ORDERED.**
**DATED:   January 29, 2016**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**